EXCELSIOR CONSTRUCTION, INC. y CONSTRUCTORA MERO, INC., demandantes y recurrentes, *v.* COSTA ESTE DEVELOPMENT CORPORATION y CAGUAS FEDERAL SAVINGS AND LOAN ASSOCIATION, demandadas, y recurrida la última.

*Número:* R-80-473      *Resuelto:* 18 de noviembre de 1982

*A. J. Amadeo Murga,* abogado de la parte recurrente; *José Guevara Fuertes,* abogado de la recurrida.

### SENTENCIA

Hemos examinado cuidadosamente las Mociones de Reconsideración que radicaron tanto la parte demandante recurrente, Excelsior Construction, Inc. y Constructora Mero, Inc., y la parte codemandada recurrida, Caguas Federal Savings and Loan Association, mediante las cuales solicitan la reconsideración de la sentencia que emitimos el día 9 de diciembre de 1980, a los efectos de que —en lo que respecta a la primera parte— se condene al Caguas Federal al pago de intereses sobre la cantidad adeudada por dicha institución bancaria "desde el 21 de febrero de 1978, fecha en que se reclamó la totalidad de lo adeudado mediante carta al Caguas Federal", y a los efectos de que —en lo que respecta a la segunda parte— se reconsidere en su totalidad la sentencia dictada, por ésta ser errónea y contraria a la prueba desfilada. 110 D.P.R. 462 (1980).

En cuanto a la partida de $36,818.36 por concepto de "certificaciones, facturas y change orders", nos ratificamos en el criterio expresado a los efectos de que: "[E]l contrato celebrado entre Caguas Federal, Excelsior Inc. y Costa Este Development Corp. el 31 de diciembre de 1976 tuvo el efecto de variar los términos del contrato de financiamiento en cuanto al uso que se le iba a dar al retenido y sobrantes en manos de Caguas Federal. Mediante dicho contrato Caguas Federal, poseedora de la garantía que representaba

el retenido, consintió a que se destinara su importe al pago de la acreencia de Excelsior por trabajo hecho en el proyecto. Desde ese momento el retenido dejó de ser una garantía para la terminación del proyecto y se designó para el pago de lo debido a Excelsior como condición para que Excelsior continuara trabajando en el proyecto . . . ."

No así en cuanto a la cantidad de $34,510, cuya obligación de pago surgía al concretarse la venta de 66 unidades de la urbanización en controversia, condición que nunca se dio y/o sobre lo cual no se presentó prueba ante el tribunal de instancia.

No habiendo hecho el tribunal de instancia una determinación específica de intereses por razón de temeridad, es de aplicación a la suma hoy concedida por este Tribunal en reconsideración de $36,818.36 las disposiciones del inciso (a) de la Regla 44.3 de Procedimiento Civil, a los efectos de que los intereses a que tiene derecho la parte demandante, al tipo legal, serán computados ". . . desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, sin incluir costas y honorarios de abogado".

En consecuencia de lo anteriormente expresado, se modifica la sentencia que emitimos con fecha del 9 de diciembre de 1980.

Así lo pronunció y manda el Tribunal y certifica la Secretaria General. El Juez Asociado Señor Díaz Cruz emitió opinión disidente a la que se une el Juez Presidente Señor Trías Monge. El Juez Asociado Señor Negrón García se inhibió.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz a la que se une el Juez Presidente Señor Trías Monge.

La reconsideración parcial y trunca lesiona el derecho de la financiera *Caguas Federal* que surge claro tanto de los

documentos contractuales, como de las determinaciones del tribunal de instancia, *que no han sido* impugnadas. La partida de $36,818.36 por concepto de "retenido" —que se ordena ahora entregar por Caguas Federal a Excelsior— no era cuantía líquida al tiempo de acordarse la cesión y su entrega a Excelsior quedó específicamente sujeta a la misma condición suspensiva del contrato original de financiamiento con la constructora Costa Este, a saber: no habría liquidación hasta que no se entregaran las casas, terminadas y con *permiso de uso.* La cesión de sobrantes se efectuó entre Costa Este y Excelsior; el banco simplemente se dio por enterado; no hubo variación, ni mucho menos novación del contrato. Simple y llanamente Excelsior se subrogó por Costa Este a los fines del derecho que pudiera tener ésta al retenido.

La realidad contractual está recogida en las determinaciones de la sala de instancia:

13. El convenio de financiamiento entre "Caguas Federal" y "Costa Este" disponía que el retenido del 10% no era líquido ni exigible hasta tanto "Costa Este" obtuviera los permisos de uso de las viviendas construidas.

14. "Caguas Federal" firmó el documento de fecha 31 de diciembre de 1976 dándose por notificado y para hacer cumplir lo dispuesto en cuanto a la cesión a "Excelsior" del sobrante y el retenido y a entregar a "Excelsior" aquello que resultara líquido y exigible una vez se finalizaran las obras de construcción, se obtuvieran los permisos de uso y se firmen las escrituras de venta de las propiedades.

.          .          .          .          .          .          .          .

21. "Caguas Federal" no es responsable por las sumas adeudadas por "Costa Este" a "Excelsior" ya que al incumplir "Costa Este" con el contrato de financiamiento con "Caguas Federal" y no producir los permisos de usos ni firmarse las escrituras de venta de las propiedades, el retenido de "Costa Este" en poder de "Caguas Federal" si alguno, no se convirtió

en líquido ni exigible siendo éste utilizado para el pago de los guardias de seguridad en protección del proyecto hasta que el "Caguas Federal" ejecutó el mismo.

La realización de las casas fue siempre condición previa a la liquidación de sobrantes o retenidos, y como tal condición, elemento esencial de la voluntad de las partes en orden a la efectividad del contrato. *Henna et al.* v. *Saurí y Subirá*, 22 D.P.R. 836, 845–846 (1915).

Al estimar en parte la moción de reconsideración de la recurrida Caguas Federal Savings, insiste la mayoría en el error original de considerar variación o novación de contrato el hecho simple de darse dicha financiera por *notificada* de un acuerdo entre la dueña y deudora hipotecaria Costa Este Development y su contratista Excelsior Construction en la que aquélla cede a éste sobrantes ilíquidos retenidos por el Caguas Federal a Costa Este según los términos del contrato de financiamiento, y en el cual se *ratifica* el pacto original de que no habría desembolsos de dicho retenido hasta llegado el momento de cierre y venta progresiva de las unidades de vivienda. Excelsior se adhiere y somete expresamente a esta condición en el texto mismo del citado convenio sobre cesión a su favor por Costa Este. Basta con leer el documento, según lo destacamos en nuestra opinión disidente en *Excelsior Constr.* v. *Costa Este Develop.*, 110 D.P.R. 462, 466 (1980). La letra del convenio no autoriza a romper la integridad de lo acordado y liberar la partida de $36,818.36 de la condición suspensiva de venta y cierre. Y aun cuando faltara la expresa sumisión a la condición suspensiva de cierre y entrega de casas, elevar la conformidad del acreedor con la cesión de pagos, a novación de contrato es contrario a la norma jurídica ordenada en el Art. 1158 C.C.: "[p]ara que una obligación quede extinguida por otra que la substituya, es preciso que así se declare terminantemente, o que la antigua y la nueva sean de todo punto incompatibles."

La reconsideración debe ser completa y confirmarse la sentencia recurrida.